**STATE, Plaintiff-Appellee, v OPPAL, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20808. Decided September 29th, 1947.

Harry Waxman, for plaintiff-appellee.
Philip C. Barragate, for defendant-appellant.

## OPINION

PER CURIAM:

This case is in this Court on questions of law from a judgment of the Common Pleas Court, wherein the defendant-appellant was found guilty of contempt of court and committed to the county jail, the journal entry therefor reading as follows:

"June 5, 1947: To Court: The defendant, Madge E. Oppal is found guilty of contempt of court in that she has failed and wilfully refused to comply when able so to do, a previous order of the court ordering her to execute a quit-claim deed and pay over certain monies to the plaintiff. She is therefore ordered to be committed to the County Jail until she comply be purged or be otherwise discharged, according to law.

"Journal 312, page 700."

An examination of the Bill of Exceptions discloses that the Court excluded testimony proffered by defendant on a material issue raised by the plaintiff on his motion to show cause, and upon which issue the Court found against the defendant. This issue had to do with the order of the court "to pay over certain monies to the plaintiff" as shown in the journal entry.

Quoting from the Bill of Exceptions, page 16:—

"Mr. Barragate: Except this, Your Honor, we would like for the record to show that the defendant, by agreement with

the plaintiff, has paid out sums of money for the upkeep of the property and has paid out note in the sum of $500.00 and that the plaintiff has instructed the defendant to take her temporary alimony from that sum that was to have been in her possession of approximately $2500.00 and that sum has been consumed.

The Court: You are making an offer of evidence to prove that?

Mr. Barragate: That is right, Your Honor.

The Court: The record will show that your offer 'is refused by the court under this motion. Exception.''

The action of the trial court in excluding this proffered testimony constituted reversible error.

The defendant also contends that the decree of divorce is void ab initio for the reason that there is no finding in the journal entry that the parties were served with summons as provided by law. We believe this contention cannot be sustained as the record shows personal service of summons upon the defendant.

It is further claimed by appellant that the journal entry upon which the order of contempt is founded is uncertain, incomplete, indefinite, defective and inadequate with respect to the settlement of the property rights of the parties so as to preclude the possibility of a finding of contempt for failure to comply with the orders therein contained concerning the disposition of the property between the parties.

It is established from the record that there is a mortgage in the sum of $4000.00 on the property, which the journal entry ordered appellant to deed to plaintiff in the divorce case. Appellant is disclosed by the record to be personally liable upon said mortgage. The journal entry fails to determine whether or not this appellant, upon deeding the property to plaintiff in the divorce action, is to be saved harmless from the obligation of such mortgage or whether after having deeded said property she is still bound to pay the balance due thereon.

Counsel for plaintiff, in the course of the argument in this Court, recognized this uncertainty and offered his professional word to hold the defendant harmless from the liability of the note in question. We believe this matter is of such importance and so vital to the rights of the parties that it should be settled by court decree.

The pleadings and journal entries further show that there was other personal property involved in the case, the disposition of which was entirely omitted by said journal entry. In

all, the journal entry having failed to conclude all the rights of the parties with respect to their property interests, it is not sufficiently definite and certain and is so incomplete and defective that an order disposing of certain property rights of the parties cannot in justice be enforced by an order of contempt until the journal entry has been amended and the defects cured.

In 23 O. Jur. §153, p. 621, the rule is stated as follows:

"A judgment should be sufficient in itself and not defer to the memory and recollection of one of the parties that which shall constitute compliance therewith. Inasmuch as the judgment and its enforcement are the end and aim of the whole litigation, to satisfy this purpose the judgment must so dispose of the matters at issue between the parties that they and such other persons as may be affected, will be able to determine with reasonable certainty the extent to which their rights and obligations have been determined. * * * ."

For the foregoing reasons the judgment is reversed and final judgment entered for the appellant herein.

HURD, PJ, MORGAN and SKEEL, JJ, concur.