TAYLOR, APPELLANT, *v.* TAYLOR, APPELLEE.

(No. 42837—Decided June 4, 1981.)

*Mr. Joel A. Makee,* for appellant.
*Ms. Ann M. Taylor, pro se.*

DAY, J. This case is an appeal by plaintiff-appellant, Thornton Taylor (plaintiff), from a judgment by the Domestic Relations Division of the Court of Common Pleas of Cuyahoga County awarding a divorce to defendant-appellee, Ann M. Taylor (defendant). The court purported to dispose of all other issues in the case but it appears that some of the dispositions involved an abuse of discretion.

For the reasons adduced below the case is remanded to the trial court for further proceedings in accordance with this opinion.

I

Plaintiff sued defendant for divorce in July 1978, after more than thirty years of marriage. Defendant countersued in August. Trial was held before a Domestic Relations referee in January 1980, generating eight volumes of transcript. The referee's report was adopted by the trial judge in a judgment entry journalized August 6, 1980. A divorce was granted to defendant. Plaintiff filed a notice of appeal on September 2, 1980.

Plaintiff has been represented by counsel throughout these proceedings. Defendant has appeared *pro se* since September 1980.

From the August 6 judgment of the trial court plaintiff appeals, assigning four errors[1]:

"I. The trial court abused its discretion and committed prejudicial error in granting defendant-appellee a divorce on the grounds of gross neglect of duty and in denying plaintiff-appellant's request for a divorce on the grounds of gross neglect and extreme cruelty.

"II. The trial court abused its discretion and committed prejudicial error in making its determination of the division of marital assets and alimony.

"III. The trial court abused its discretion and committed prejudicial error by making the finding that neither party had proved its contention regarding possession of the missing coins, such find-

---

[1] Defendant, appearing *pro se*, filed what was denominated "Motion to ask the Court to deny the appeal to Thornton Taylor, Plaintiff/Appellant and rule in favor of Ann M. Taylor, Defendant/Appellee for reasons as listed," on October 6. The "motion" was overruled but contained some of the types of arguments that might appear in an appellate brief but without legal authority. In December, defendant was given until January 12, 1981, to file an answer brief. She has not done so.

ing being against the manifest weight of the evidence.

"IV. The trial court abused its discretion and committed prejudicial error by failing to make an order providing for disposition of the life insurance policies and other assets owned by the parties when ample proof of the existence and value of such life insurance and other property was offered and admitted into evidence during the trial by both parties."

## II

This case does not pose a Civ. R. 54(B) problem. Nor is the issue a simple lack of a final appealable order. Rather the court below attempted to but did not perform its function adequately. It disposed of admittedly difficult issues by deciding it could not decide them. With the court's action in this stance, there is no occasion to refer the parties to the extraordinary remedies of procedendo or mandamus. Therefore, the lower court's rulings against making a decision are treated as holdings against the plaintiff which exemplify an abuse of discretion.

Among the issues resolved by avoidance are (1) the whereabouts and/or disposition of plaintiff's extensive coin collection, and (2) disposition of various life insurance policies "and Other Assets."

A court does not determine issues by concluding they are difficult.

The cause is remanded and the trial court is directed to decide the issues on their merits. These include, but are not limited to, the disposition of the coin collection and insurance assets.

After revising its disposition in accordance with its duty to decide, the cause will be returned to this court not later than July 20, 1981, for final review on appeal.

The cause is remanded for further proceedings in accordance with this opinion.

*Judgment accordingly.*

JACKSON, C.J., and PATTON, J., concur.