**BUCK, Appellant,**

v.

**BUCK, Appellee.**

[Cite as *Buck v. Buck* (1995), 103 Ohio App.3d 505.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0050.

Decided May 8, 1995.

*John J. Luce* and *Louis A. DiFabio,* for appellant.

*Thomas J. Simon,* for appellee.

FORD, Presiding Judge.

This case comes from the Portage County Court of Common Pleas, Domestic Relations Division.

██ On January 8, 1993, appellant, Georgia L. Buck, n.k.a. Georgia L. Dib, filed a joint motion for appellee to show cause, and for the trial court to specify the amount of judgment on all prior child support arrearages and to reduce to judgment all current arrearages. Essentially, appellant claimed that appellee, Gary L. Buck, failed to pay child support as required and requested that the trial court reduce to judgment all past due amounts together with interest. She also alleged that appellee's nonpayment was willful and asked that he be found in contempt and incarcerated.

A hearing was held, and on May 12, 1994, the trial court issued the following order:

"This matter came on for hearing before the court on a motion filed by counsel for wife to determine the arrearage in unpaid child support. Testimony was taken, exhibits received, and memoranda from counsel submitted to the court.

"The court finds that as of the end of 1986, an arrearage of $16,521.84 existed. There was no arrearage for 1987 or 1988 and a $350 arrearage existed for 1989. The arrearage for 1990 was $2,275, for 1991 the arrearage was $2,100, for 1992 the arrearage was $2,100, and for 1993 the arrearage was $1,050.

"The court, therefore, finds that the total arrearage owed to wife for unpaid child support is $24,396.84 and wife shall be entitled to judgment for said amount with said judgment carrying interest at ten percent per annum from the date of said judgment."

Appellant now appeals the foregoing order; however, for the reasons to follow we conclude that the trial court's order is not final and appealable.

Regarding the contempt portion of appellant's motion, in a brief submitted to the trial court, appellant argued that appellee was in willful contempt for failing to pay child support and asked the court to incarcerate him. In her brief in support, appellant referenced R.C. 2705.05, which states:

"(A) In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony

that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge. If the accused is found guilty, the court may impose any of the following penalties:

"(1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both[.]"

■ The court failed to determine the contempt portion of the motion since it did not expressly determine whether appellee was guilty of contempt. "[A] trial court can enter a final, appealable order as to fewer than all of the claims * * * only upon an express determination that there is 'no just reason for delay.'" *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 89, 541 N.E.2d 64, 68. See, also, *Stychno v. Stychno* (May 29, 1992), Trumbull App. No. 91–T–4576, unreported, 8–9, 1992 WL 276620. Clearly, the statute required the court to announce its decision regarding the contempt issue and it did not do so. Thus, the court did not determine all issues. Furthermore, we find *Rowe v. Rowe* (1990), 69 Ohio App.3d 607, 591 N.E.2d 716, and *Taylor v. Taylor* (1981), 2 Ohio App.3d 79, 2 OBR 87, 440 N.E.2d 823, cited by appellant for the proposition that this court is permitted to review the trial court's order under an abuse-of-discretion standard, inapposite. We reach this conclusion because in *Rowe* and *Taylor* the trial courts addressed all issues, albeit inadequately, while in our case, the court did not address the contempt matter.

■ This court is aware that pursuant to R.C. 2505.02, as construed by *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, and *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889, 895, divorce has been described as a "special statutory proceeding" and that ancillary orders issued in a divorce proceeding can be final and appealable, although other issues remain pending in the trial court. However, even when an order is issued in a special proceeding, it is only immediately appealable provided it affects a substantial right. See *Polikoff*, 67 Ohio St.3d at 108, 616 N.E.2d at 218, fn. 8; *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 N.E.2d 181. "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell*, 67 Ohio St.3d at 63, 616 N.E.2d at 184. In this case, appellant cannot demonstrate future relief on the arrearages would be foreclosed, because the arrearage matter can be effectively reviewed at a later date when the trial court decides the contempt matter.

Based on the foregoing, this matter is dismissed.

*Appeal dismissed.*

CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.