OPINION
Defendant-appellant, John Jakubec, appeals a decision of the Mahoning County Common Pleas Court, Domestic Relations Division, which ordered him to pay spousal support to plaintiff-appellee, Karen Jakubec, in the amount of $1,500.00 per month.
The parties were married on October 21, 1972. Appellee filed a complaint for divorce on August 7, 1998. The parties agreed on all issues except for the amount of spousal support and the payment of attorneys' fees.
A trial was held to resolve these two remaining issues. The court granted the parties a divorce and ordered that appellant pay appellee spousal support in the amount of $1,500.00 per month continuing until one party dies, appellee remarries or cohabitates with an unrelated male, or upon further order of the court. The court specifically retained jurisdiction to modify the amount and/or duration of the spousal support award upon a finding of a change of circumstances pursuant to R.C.3105.18(F). It is from this order that appellant filed a notice of appeal.
Appellant's sole assignment of error states:
 "THE COURT ABUSED ITS DISCRETION IN AWARDING $1,500.00 PER MONTH SPOUSAL SUPPORT AND FAILING TO PLACE A DATE CERTAIN ON THE AWARD."
Appellant concedes that he should pay spousal support but contests the amount and the continuing nature of the award. Appellant argues that appellee is employed and is earning $24,000.00 per year. Appellant contends that the trial court failed to consider the statutory factors set out in R.C. 3105.18 and based its decision solely on the fact that the parties had been married for twenty-seven years.
Appellant contends that under the temporary spousal support order he was earning more income and was only required to pay appellee $1,000.00 per month. Therefore, he argues it was unreasonable for the court to increase his obligation when his income had decreased. Appellant states that his gross income for 1999 would be approximately $67,960.00 which is a reduction from 1998 when he earned $106,000.00. He points out that the court found his monthly expenses to be reasonable at $2,053.00. (Findings of fact and conclusions of law, p. 11-12). He asserts that given his reasonable expenses he cannot afford to pay appellee the ordered amount. Appellant asserts that appellee is not entitled to the equivalent standard of living as established during the marriage when her "need" punishes him. Citing, Rowe v. Rowe (1990), 69 Ohio App.3d 607, 616.
Appellant notes that the marital assets were divided equally, appellee received her SERS pension, and she has a job earning $24,000.00 per year. In light of these facts and the fact that appellant's income has decreased, appellant contends that $1,500.00 monthly is excessive and does not take into account the totality of the circumstances.
Trial courts have broad discretion in making awards of spousal support. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120. Therefore, the abuse of discretion standard of review applies. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218. Abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Id. at 219.
When determining what amount of spousal support is appropriate the court shall consider all of the factors set out in R.C. 3105.18(C)(1). R.C. 3105.18(C)(1). The factors include:
"(a) The income of the parties, from all sources * * *;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party * * *;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment * * *;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1).
A review of the trial court's findings reveals that the court took great care to evaluate each factor as required by R.C. 3105.18(C)(1) before making its decision regarding spousal support. Among the court's findings were the following: Appellant's earning ability is significantly greater than appellee's earning ability. Appellant earns in excess of forty thousand dollars more per year than appellee. Appellant's General Motors' pension will accrue at a higher rate than appellee's SERS benefits. The parties were married for twenty-seven years. Appellee's contribution as a homemaker allowed appellant to work full-time and to accept overtime. Appellee submitted a financial affidavit that set forth her monthly expenses. Appellant had been paying appellee $1,000.00 per month in temporary spousal support and she had difficulty meeting those monthly expenses.
In addition the court considered the applicable case law and other relevant matters in reference to the totality of the circumstances. (Aug. 12, 1999 Judgment Entry, p. 18). Given these facts, the court did not abuse its discretion in ordering appellant to pay appellee $1,500.00 per month in spousal support.
In regard to the issue of a termination date for the spousal support, this court has held that if one of the exceptions set out in Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, applies, then the trial court will rarely have abused its discretion by failing to set a termination date on a spousal support award. Kasmer v. Kasmer (Aug. 26, 1999), Mahoning App. No. 98-CA-132, unreported, 1999 WL 689204. Kunkle states:
 "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." Id. at paragraph one of the syllabus.
In the present case the court found that the parties had been married for twenty-seven years. A marriage of this length has previously been held to constitute a marriage of long duration. Labedz v. Labedz (Dec. 30, 1997), Mahoning App. No. 96-CA-65, unreported, 1997 WL 816535. A marriage of long duration is one of the exceptions set out in Kunkle to the general rule that an award of sustenance alimony should provide for a specific termination date. Kunkle, supra. Also, the court specifically retained jurisdiction in this case to modify the amount and/or duration of the spousal support award upon a finding of change of circumstances pursuant to R.C. 3105.18(F). Given these facts, the court was within its discretion to award appellee spousal support without setting a date certain for its termination.
Accordingly, appellant's sole assignment of error is without merit. Therefore, the decision of the trial court is hereby affirmed.
VUKOVICH, J., concurs, WAITE, J., concurs