This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Renetta R. Smith, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that entered a judgment of divorce. We affirm.
On August 29, 1996, Appellant filed a complaint for divorce against Appellee, Herman Smith. In response, Appellee filed an answer and a counterclaim for divorce. A magistrate issued a temporary order that instructed Appellee to pay temporary spousal support; this order was subsequently terminated. On September 19, 1997, the trial court entered the decree of divorce.
Following the journalization of the divorce decree, both parties moved for relief from judgment in accordance with Civ.R. 60(B). After reviewing the parties' respective Civ.R. 60(B) motions, the trial court vacated the earlier divorce decree. Thereafter, on March 22, 2001, the trial court issued another decree of divorce. Appellant timely appealed raising four assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred to the prejudice of [Appellant] and abused its discretion in failing to award spousal support on the basis that the [Appellant] had "unclean hands." * * *
In her first assignment of error, Appellant avers that the trial court erred by relying solely upon one factor, namely, Appellant's unclean hands, to deny awarding spousal support. We disagree.
A trial court has wide latitude in awarding spousal support. Vanderpoolv. Vanderpool (1997), 118 Ohio App.3d 876, 878. As such, absent an abuse of discretion, an appellate court will not reverse a trial court's decision regarding spousal support. Id. at 878-79. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Despite the trial court's latitude in awarding spousal support, its evaluation is constrained by R.C. 3105.18, which requires consideration of certain relevant factors. Berthelot v. Berthelot (Apr. 15, 1998), Summit App. No. 18331, unreported, at 8. R.C. 3105.18(C)(1) outlines the factors that the trial court must consider when determining whether to order an award of spousal support. R.C. 3105.18(C)(1) provides:
 In determining whether spousal support is appropriate and reasonable, * * * the court shall consider all of the following factors:
The income of the parties[;]
(b) The relative earning abilities of the parties;
 The ages and the physical, mental, and emotional conditions of the parties;
The retirement benefits of the parties;
The duration of the marriage;
 The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 The standard of living of the parties established during the marriage;
The relative extent of education of the parties;
 The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 The contribution of each party to the education, training, or earning ability of the other party[;]
 The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 Any other factor that the court expressly finds to be relevant and equitable.
 A trial court is not required to enumerate each factor in R.C. 3105.18(C)(1), but must merely provide a sufficient basis to support its award. Rowe v. Rowe
(1990), 69 Ohio App.3d 607, 615.
In the case sub judice, the trial court, in its Findings of Fact and Conclusions of Law, stated that an award of spousal support was inappropriate "[b]ased upon all of the evidence presented[.]" Moreover, the court addressed many of the factors outlined in R.C. 3105.18(C)(1), such as: (1) the length of the parties' marriage; (2) the length of time the parties actually lived together; (3) the waiver of spousal support included in the original settlement; (4) the vacation of the first divorce decree due to Appellant's unclean hands; (5) the improvement in Appellant's mental health; (6) the ages of the parties; and (7) the extent of the parties' educational levels. It is apparent that the trial court did not solely rely upon one factor to determine that Appellant was not entitled to spousal support. Furthermore, upon a careful review of the record, there was evidence presented to substantiate the findings and conclusions of the trial court. Consequently, we cannot say that the trial court abused its discretion. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred to the prejudice of [Appellant] and abused its discretion by failing to timely schedule a hearing on [Appellant's] request for temporary orders, by allowing its magistrate to delay three months in making a decision, by failing to timely rule on [Appellant's] motion to set aside the magistrate's order, and by failing to reinstate spousal support. * * *
In her second assignment of error, Appellant alleges that the trial court abused its discretion and erred, to her prejudice, as follows: (1) failing to timely schedule a hearing; (2) failing to promptly make a decision; (3) failing to timely rule on Appellant's motion to set aside the magistrate's order; and (4) failing to reinstate spousal support. Appellant's allegations are not well taken.
Appellant claims that she moved to reinstate the temporary orders on November 20, 1997, and the court scheduled the hearing for July 13, 1999; consequently, the trial court failed to timely schedule a hearing. However, the record reveals that Appellant moved for relief from judgment, pursuant to Civ.R. 60(B), on November 20, 1997, and the hearing on this motion was scheduled for December 8, 1997. The trial court scheduled the hearing eighteen days after Appellant filed the motion. Therefore, the trial court did not untimely schedule the hearing nor abuse its discretion.
Appellant further claims that the trial court abused its discretion by failing to promptly rule on her motion for temporary orders. Specifically, Appellant states that the hearing on her motion for temporary orders was held on July 13, 1999, and the trial court issued its order on October 15, 1999. However, the record indicates that the motion for temporary orders was heard on October 1, 1996, and the court entered its order on October 3, 1996. Additionally, the record indicates that the court heard Appellant's motion for spousal support and attorney fees on July 13, 1999. Consequently, we are unable to discern what motion Appellant is challenging and must disregard this part of the assignment of error.
Next, Appellant alleges that the trial court delayed in ruling on her motion to set aside the magistrate's order. Appellant moved to set aside the magistrate's order on October 25, 1999, and the court ruled on this motion on March 22, 2001. Specifically, Appellant argues R.C. 2701.02
applies, which requires the trial court to rule on a motion within thirty days after it is submitted to the court. Nevertheless, R.C. 2701.02 has been deemed directory and not a mandatory statute. Moeller v. Moeller
(Jan. 6, 1993), Summit App. No. 15680, unreported, at 4, citing Kyes v.Pennsylvania Rd. Co. (1952), 158 Ohio St. 362, paragraph seven of the syllabus. Appellant has not indicated that the trial court's delay resulted in prejudice. Accordingly, after a thorough review of the record, we do not find that the trial court purposely delayed its judgment nor abused its discretion.
Lastly, Appellant argues that the trial court should have reinstated spousal support. Based upon our disposition in assignment of error one, we find that the trial court did not abuse its discretion in failing to reinstate spousal support, as Appellant was not entitled to support. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court erred to the prejudice of [Appellant] and abused its discretion by making a distributive award of [Appellant's] diamond ring. * * *
In her third assignment of error, Appellant argues that the trial court erred by making a distributive award of Appellant's diamond ring because neither the parties nor an expert testified as to the fair market value of the ring. Appellant's argument fails.
A distributive award is "any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support[.]" R.C. 3105.171(A)(1). The discretion lies with the trial court to determine whether a distributive award is warranted, and absent an abuse of discretion, a trial court's determination will not be disturbed. Babka v. Babka (1992), 83 Ohio App.3d 428, 432-34; Booth v.Booth (1989), 44 Ohio St.3d 142, 144. The amount of the distributive award is not specified by statute; rather, the trial court maintains the discretion to determine the award. See Eberly v. Eberly (June 13, 2001), Henry App. No. 7-01-04, 2001 Ohio App. LEXIS 2606, at *7. The trial court must consider the factors outlined in R.C. 3105.171(F) to determine the amount of a distributive award. R.C. 3105.171(F) provides:
 In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
* * *
 (9) Any other factor that the court expressly finds to be relevant and equitable.
In this case, Appellant alleges that the trial court improperly determined that the diamond ring was valued at $4,500. Upon a careful review of the record, we note that Appellant testified that the diamond ring cost $4,500 and Appellee testified that he paid $5,500 for the ring. Additionally, the receipt for the ring indicated that it was sold for $4,500. Consequently, we find that the trial court had sufficient evidence to support its valuation of the distributive award. Accordingly, the trial court did not abuse its discretion. Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV The trial court erred to the prejudice of [Appellant] and abused its discretion in failing to award attorney's fees. * * *
In her fourth assignment of error, Appellant contends that the trial court erred by failing to award attorney's fees. Appellant's contention is without merit.
Generally, the party retaining the attorney bears the burden of paying the attorney. Bowen v. Bowen (1999), 132 Ohio App.3d 616, 642. Nonetheless, in a divorce proceeding, an award of attorney's fees is governed by R.C. 3105.18(H), which states that the "[trial] court may
award reasonable attorney's fees to either party * * * if * * * the other party has the ability to pay." (Emphasis added). Furthermore, the court must consider "whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." R.C.3105.18(H). The trial court's decision regarding attorney's fees must be equitable, fair, and serve the ends of justice. Bowen,132 Ohio App.3d at 642. An appellate court will only disturb a trial court's decision as to attorney's fees if the trial court abused its discretion. Id.
In the present case, Appellant contends that the difference in Appellee's salary and her salary and the trial court's order granting a distributive award is sufficient to confer attorney's fees. Nevertheless, Appellant has failed to illustrate any abuse of discretion by the trial court in its determination not to award attorney's fees. Specifically, Appellant has not illustrated that she was unable to fully litigate her rights or adequately protect her interests due to the disparity in income and the distributive award. The record indicates that Appellant was able to hire counsel to endure approximately four years of litigation and an appeal. Therefore, we cannot say that the trial court abused its discretion in failing to award attorney's fees. Accordingly, Appellant's fourth assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.