DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jeffrey Abram, appeals from the judgment in the Medina County Court of Common Pleas, Domestic Relations Division, that entered a judgment of divorce. We affirm.
On November 5, 1999, Appellee, Molly O'Connor-Abram, filed a complaint for divorce against Appellant. In response, Appellant filed an answer and counterclaim for divorce. Following a hearing before a magistrate, the magistrate issued her report and proposed decision. Thereafter, Appellant filed objections to the magistrate's decision. The trial court overruled Appellant's objections and entered a decree of divorce. Appellant timely appealed raising three assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court abused its discretion in establishing Appellant's spousal support obligation because it failed to properly recognize the money "hidden in the closet" by Appellee or personal expenses paid by [Appellee's] business as income to Appellee or to make an appropriate consideration of the tax consequences of its order in establishing Appellant's obligation[.]
In his first assignment of error, Appellant avers that the trial court incorrectly established Appellant's spousal support obligation. Specifically, Appellant avers that the trial court inaccurately determined Appellee's income and failed to consider the tax consequences of the spousal support award. We disagree.
A trial court has wide latitude in awarding spousal support. Vanderpoolv. Vanderpool (1997), 118 Ohio App.3d 876, 878. As such, absent an abuse of discretion, an appellate court will not reverse a trial court's decision regarding spousal support. Id. at 878-79. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Despite the trial court's latitude in awarding spousal support, its evaluation is constrained by R.C. 3105.18, which requires consideration of certain relevant factors. Berthelot v. Berthelot (Apr. 15, 1998), Summit App. No. 18331, unreported, at 8. R.C. 3105.18(C)(1) outlines the factors that the trial court must consider when determining whether to order an award of spousal support. R.C. 3105.18(C)(1) provides:
 In determining whether spousal support is appropriate and reasonable, * * * the court shall consider all of the following factors:
The income of the parties[;]
(b) The relative earning abilities of the parties;
 The ages and the physical, mental, and emotional conditions of the parties;
The retirement benefits of the parties;
The duration of the marriage;
 The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 The standard of living of the parties established during the marriage;
The relative extent of education of the parties;
 The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 The contribution of each party to the education, training, or earning ability of the other party[;]
 The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 Any other factor that the court expressly finds to be relevant and equitable.
A trial court is not required to enumerate each factor in R.C.3105.18(C)(1), but must merely provide a sufficient basis to support its award. Rowe v. Rowe (1990), 69 Ohio App.3d 607, 615.
Appellant argues that the trial court incorrectly determined Appellee's income because it failed to consider money that Appellee "hid in the closet" and various Schedule C items. However, in the case sub judice, the record indicates that Appellee presented evidence concerning her income. Particularly, Appellee testified that she derived income from her employment as a bus driver and from her catering business. She further stated that she occasionally received cash payments and she kept this cash in her closet. However, Appellee noted that although she received cash payments, she maintained receipts and included these payments in the calculation of her income. The record reflects that the court considered the cash "in the closet" because it referred to Appellee's combined income in its decision. In regard to the Schedule C items, these items were presented to the court via the parties' tax return forms. Consequently, we find that the trial court considered all of the relevant evidence and, accordingly, did not abuse its discretion in calculating Appellee's income.
Appellant additionally argues that the trial court did not consider the tax consequences of a spousal support award. The record indicates that "[a]fter consideration of all factors in [R.C.] 3105.18" the court ordered Appellant to pay spousal support. Moreover, the court addressed many of the factors outlined in R.C. 3105.18, such as: (1) the ages of the parties; (2) the extent of the parties' educational levels; (3) the income of the parties; and (4) the physical condition of Appellee. "By stating it had considered all the statutory factors and specifically addressing the relevant ones," the lower court provided a sufficient basis for its spousal support award. Schrader v. Schrader (Jan. 21, 1998), Medina App. No. 2664-M, unreported, at 6. The court's decision indicates that it took into account the factors as outlined in R.C. 3105.18
and, consequently, did not abuse its discretion. Therefore, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court abused its discretion in not offsetting Appellant's claimed arrearage by the amount of marital assets depleted by Appellee during the pendency of the action[.]
In his second assignment of error, Appellant contends that the trial court abused its discretion by failing to offset Appellant's arrearage. Appellant's contention lacks merit.
This court notes that Appellant has failed to set forth a single, legal authority to support his contentions that the trial court erred. As such, Appellant has failed to provide citations to authorities supporting his brief and the standard of review applicable to his assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Appellant had the burden of affirmatively demonstrating error on appeal. See Angle v.W. Res. Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2; Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, at 4. Moreover, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673, unreported, at 18. Accordingly, since Appellant has failed to set forth any legal error by the trial court in this assignment of error, this court has no choice but to disregard it. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III The [trial] court abused its discretion in not finding that the First Merit account was marital property because Appellee failed to trace the funds in the First Merit account as her separate property[.]
In his third assignment of error, Appellant argues that Appellee failed to trace the funds in the First Merit account; therefore, the trial court abused its discretion by determining that the First Merit account was separate property. Appellant's argument is not well taken.
In a divorce, marital property and separate property are mutually exclusive. R.C. 3105.171(A)(3)(b). The trial court divides marital property between the spouses, whereas it distributes separate property solely to the spouse to whom the separate property belongs. R.C.3105.171(C)(1) and (D). Separate property will not lose its identity merely because it is commingled with marital property, so long as the separate property is traceable. R.C. 3105.171(A)(6)(b). The party alleging that the property is separate property bears the burden of tracing the property. Modon v. Modon (1996), 115 Ohio App.3d 810, 815.
At the hearing, Appellee testified that she recovered $13,000 from her personal injury suit. Appellee further testified that this money was used for the following purposes: (1) paying off credit cards and hospital bills; (2) making investments; (3) depositing a portion into a joint account; and (4) purchasing the First Merit stock. Appellant did not produce any evidence to illustrate that the First Merit stock was not Appellee's separate property. As a result, the trial court did not abuse its discretion in determining that Appellee sufficiently traced the First Merit stock. Accordingly, Appellant's third assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.