ACCELERATED JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar, pursuant to App.R. 11.1 and Loc.App.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory opinion. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
Defendant-appellant, Willie R. Brooks, appeals from the trial court's judgment entry granting plaintiff-appellee, Shirley A. Brooks, an uncontested divorce. For the reasons adduced below, the decision of the trial court is affirmed.
Shirley Brooks filed her complaint for divorce on January 4, 2000. Service was made by certified mail via the clerk of courts on January 12, 2000. The receipt was signed by Willie Brooks' 26 year old daughter who resided in the parties' home. Willie Brooks failed to answer or in any other manner respond to the complaint. Willie Brooks contends that for several months prior to the filing of the divorce action the parties were living separate and apart. He further contends that Shirley Brooks' service at their home was calculated to deprive him of notice of the proceedings and hearings on this case.
In any event, the matter was set for uncontested hearing on February 25, 2000. Shirley Brooks avers in her brief that Willie Brooks attended that hearing and requested additional time to find counsel. Willie Brooks has not denied that he was present for this court appearance. The trial court granted the continuance and, in Willie Brooks' presence, set a trial date of March 31, 2000. Willie Brooks failed to show for the trial and the court granted Shirley Brooks an uncontested divorce. It should be noted that Willie Brooks also failed to appear at this court's prehearing conference which was requested by his own attorney. There is no transcript of the proceedings below.
The parties were married for approximately five and one-half years, but cohabitated intermittently since 1980. In fact, they have an adult child as well as a minor child, now 10 years old, as a result of their twenty year relationship. It is undisputed that Shirley Brooks worked and was the sole income provider while Willie Brooks stayed home with their minor child.
It is further undisputed that the home was the premarital property of Shirley Brooks. Willie Brooks alleges he contributed approximately $16,000 to pay for outside improvements to the home as well as many improvements he made individually.
Willie Brooks alleges three assignments of error which are stated as follows:
 I. THE TRIAL COURT ERRED IN NONCOMPLIANCE WITH CIVIL RULE 75(J) AS VALID SERVICE PURSUANT TO CIVIL RULE 4.1 HAD NOT BEEN PERFECTED (SIC) II. THE TRIAL COURT ERRED IN MAKING A PROPERTY DIVISION ORDERED WITHOUT ADEQUATE EVIDENCE IN SUPPORT THEREOFF (SIC) III. THE TRIAL COURT ERRED IN AWARDING CHILD SUPPORT AND ALLOCATING PARENTAL RIGHTS WITHOUT ADEQUATE EVIDENCE (SIC)
In light of the court's accelerated review and considering that all three assignments of error have a common basis in law and fact, we shall review all assignments jointly.
In Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97, the Supreme Court stated, "In allocating property between the parties to a divorce * * * the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law."
It is axiomatic that under Ohio law, in divorce proceedings, the trial court "shall divide the marital and separate property equitably between the spouses." R.C. 3105.171(B). A trial court speaks only through its journal. State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117,118. A divorce decree which does not dispose of the property between the two parties is insufficient and incomplete. Rowe v. Rowe (1990),69 Ohio App.3d 607 . If a trial court leaves issues unresolved, the case must be remanded for the court to determine. Taylor v. Taylor (1981),2 Ohio App.3d 79.
Under R.C. 3105.171, a trial court must classify property as marital or separate before awarding the property. The party seeking to establish that an asset or portion of an asset is separate has the burden of proof by a preponderance of the evidence. Peck v. Peck (1994),96 Ohio App.3d 731. A determination of traceability, which is required to single an asset out as separate property, is a finding of fact. James v. James (1995), 101 Ohio App.3d 668. The commingling of separate and marital property does not destroy the identity of the separate property if the separate property is traceable. R.C. 3105.171(A)(6)(b). Peck, supra. A factual finding of the trial court will be reversed only if it is found to be against the manifest weight of the evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. Judgments supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. Id.
Applying the above standards to the facts of this case clearly shows that the trial court did not abuse its discretion. First addressing Willie Brooks' claim that he was not adequately served or given notice of the proceedings, we find that he waived any rights to raise this argument by appearing at the February 25, 2000 hearing. The facts are quite clear. The summons and complaint were sent to Willie Brooks' last known address by certified mail where his adult daughter still resided not to mention his entire family. The certified mail was returned with his daughter's signature. Whether this is sufficient service is irrelevant since Willie Brooks attended a subsequent court hearing and was given notice of his trial date by the trial judge himself. We find that this constitutes actual notice. See Sutovich v. Sutovich (1964),120 Ohio App. 473.
Willie Brooks next argues that the trial court erred in making its property division, child support, and custody rulings without adequate evidence in support. Initially, we note that our review is limited to the journal entry in this case. A thorough review of the entry does not indicate an abuse of discretion based on the facts as we know them from the parties' briefs.
The court ordered that the parties' residential home was premarital property and awarded it to Shirley Brooks along with the existing mortgage. Willie Brooks' claim that he contributed $16,000 in home improvements is disingenuous at best since he admits that he has never worked or made significant financial contributions to the family income and he also claims to be indigent. Further, even had he made such a contribution it is no longer traceable as separate property. See Wright v. Wright (Jan. 3, 1996), Medina County App. No. 95 CA 2423-M, unreported [spouse's separate property used for home improvements was held to be transmuted into marital property since it was untraceable].
The trial court also ordered that each party retain whatever personal property was titled in their name or in their current possession. While Willie Brooks fails to make any specific allegations as to what he claims is unfair, it is evident that the court was cognizant of the parties' financial situation by ordering Shirley Brooks to pay off the parties' marital debt of $13,000.
With regard to child custody and child support, we cannot find that the court abused its discretion with these decisions. The court awarded legal custody to Shirley Brooks with reasonable visitation afforded to Willie Brooks. In determining an original award of custody, the best interest of the child is of paramount concern and the trial court should consider both the statutory factors enumerated in R.C. 3109(C)(1-5) and who the primary caretaker is. In re Maxwell (1982), 8 Ohio App.3d 302. The only evidence before this court is that Shirley Brooks was the residential parent at the time of divorce since Willie does not contest leaving the residence months prior to the divorce. Hence, she could be considered the primary caretaker. There is nothing in the record to indicate that the trial judge did not consider the requisite factors in reaching its decision. The court further ordered Willie Brooks to seek employment and pay a diminutive amount of child support in the sum of $50. There is nothing in the record to indicate that Willie Brooks is incapable of working fulltime and contributing financially to his minor child.
All assignments of error having been considered and ruled upon, the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ MICHAEL J. CORRIGAN JUDGE
TERRENCE O'DONNELL, P.J., and PATRICIA A. BLACKMON, J., CONCUR.