OPINION
Defendant-appellant Anthony Lamont Hansbro appeals from the trial court's denial of his motion to vacate his plea of guilty to Burglary, without a hearing. Hansbro contends that he was entitled to a hearing on his claim, set forth in his affidavit, that he was extremely dissatisfied with his trial counsel, that his trial counsel told him that he would not be able to obtain new counsel, that his trial counsel told him that he could not possibly prevail, because he was black, and his victim was white, and that his trial counsel told him that he would receive a two-year sentence.
We conclude that Hansbro's averments are belied by the record, and that he is not entitled to a hearing on his motion where the factual grounds for the motion are belied by the record, and are supported only by his own, self-serving affidavit. Accordingly, the judgment of the trial court is Affirmed.
 I
Hansbro was charged by indictment with Burglary. He pled guilty, and was sentenced accordingly. Thereafter, he filed a motion to vacate his plea. He supported this motion, which was denied without a hearing, with his own affidavit. His affidavit included the following averments:
 On December 13, 1999 I was taken into court at the Clark County Common Pleas, for sentencing. My totally inept attorney, Greg K. Lind, conveyed to me, while I was in the holding cell awaiting my fate, that I would receive two (2) years for a second degree burglary. This charge usually carries two (2) to eight (8) years. I stated my innocence to my attorney, as I have done in all of my previous hearings before trial.
 But after being manipulated by my lawyers legal advice, I instead choose [sic] to take a plea bargain. This was with the understanding that I would receive two (2) years. I had made this very clear to my attorney, Greg K. Lind, that I would not accept any type of plea bargain, unless it was under two (2) years. So this is why he conveyed to me in the holding cell that I would in fact receive two (2) years. He did this knowing that the plea agreement had no set number on it, and that once I signed it, I would be given four (4) years.
 At the time of sentencing he coerced me into remaining silent, while the judge informed me of my rights. Those rights being to confront my accusers, a jury trial, and if I am satisfied with my attorney.
 I was not satisfied with my attorney, and was told by my attorney that if I did in fact fire him, that I would not be allowed ample time to seek new counsel. This was, according to him because of all the time that I had already spent in the county jail, which was passed [sic] the time limit for Due Process.
 So I did accept the plea bargain, because of his false promises and the lies that were told to me, by my attorney that I was paying to protect my rights and to defend me.
The essential averments in Hansbro's affidavit, as we understand them, are these: (1) Hansbro was extremely dissatisfied with his trial attorney; (2) Hansbro was told that he would not be able to obtain a different attorney, because of time limitations; (3) Hansbro was told by his attorney that he would receive a sentence of two years imprisonment; (4) Hansbro's attorney knew that he would receive a sentence of four years; and (5) Hansbro was told by his trial attorney not to express any dissatisfaction with his trial attorney at the plea hearing. If these averments were true, we are persuaded that they would establish a ground for relief.
Hansbro's averments are belied by the record. In it, he acknowledged that "there are no negotiated terms to be stated in the record." We take this to be inconsistent with Hansbro's having been promised that he would receive a two-year sentence.
Hansbro was also asked by the trial court: "Are you satisfied with the representation of counsel in this case?" He responded in the affirmative. We take this to be inconsistent with his averment, in support of his motion to vacate his plea, that he was, in fact, extremely dissatisfied with his trial counsel.
Where a defendant files a petition for post-conviction relief, pursuant to R.C. 2953.21, he is not entitled to a hearing on his petition if the allegations in support of his petition are belied by the record, and are not supported by any evidence other than his own, self-serving affidavit. State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819;State v. Kapper (1983), 5 Ohio St.3d 36, 440 N.E.2d 823. This judge-made rule is designed to balance the petitioner's interest in obtaining relief in a meritorious case against the undue burdens that would be imposed upon the judicial system if an evidentiary hearing were required in every case.
In State v. Anderson (November 20, 1998), Montgomery App. No. 17040, unreported, we applied this same principle to a motion to withdraw a guilty plea, holding that no hearing is required on a motion to withdraw a guilty plea where it is supported only by the movant's own self-serving affidavit, at least where that claim is not supported by the record. We find no reason to depart from our holding in State v. Anderson, supra.
Accordingly, we conclude that the trial court was not required to hold a hearing on Hansbro's motion to vacate his plea, because the factual basis for his motion was belied by the record, and was supported only by his own, self-serving affidavit.
Hansbro's sole assignment of error is overruled.
 II
Hansbro's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.
 _________ FAIN, J.