DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Mark T. Broida appeals from the post-decree of divorce entered by the Summit County Domestic Relations Court that modified his child support and alimony payments. This Court affirms in part, reverses in part, and remands the cause to the trial court for proceedings consistent with this opinion.
 I.
Appellant and appellee, Donna Broida, were divorced on February 11, 1997. At the time of the divorce, the parties had two children who were under the age of eighteen, appellee was unemployed, and appellant was the President and majority shareholder of Ohio Tuxedo Rental, Inc. (OTR). Appellant's gross wages were $72,800 per year. He also enjoyed fringe benefits totaling $6,296 per year. Prior to the divorce, appellant and appellee also jointly owned Western Enterprises, a real estate corporation that collected rent from OTR. A 1995 income tax form listed the annual income of Western Enterprises as $36,484.
For purposes of child support and spousal support, the trial court determined that appellant's gross annual income was $115,580 at the time of the divorce. Based on this calculation, appellant was ordered to pay $1,499.58 per month for child support and $1,900 per month for a period of fifty-five months for spousal support. The trial court awarded appellant both businesses and appellee was awarded the marital home. The trial court valued OTR at $0 and Western Enterprises as a fair market value of $717,000.
On June 27, 1997, appellant sold his interest in OTR to a minority shareholder, sold the real estate where the business was located on, and dissolved Western Enterprises. Pursuant to the sale, appellant received a mortgage note, which guaranteed that he would receive $37,745.04 annually for seven years. Appellant's employment at OTR was terminated shortly thereafter and he lost his fringe benefits. He was required to sign a noncompetition agreement, which prohibited him from engaging in any business which directly or indirectly competed with OTR within a fifty-mile radius. Pursuant to the agreement, appellant would receive $42,500 each year the covenant remained in effect. Following his termination from OTR, appellant began to receive unemployment compensation for twenty-six weeks, totaling $7,130 in 1997.
Appellant filed a motion to modify his child and alimony support payments, alleging changed circumstances. A hearing was conducted before a magistrate on July 23, 1998. In its decision, the magistrate listed appellant's income as $86,114 in 1997, $78,984 in 1998 and appellee's income as $33,259 in 1997 and 1998. Based on the above figures, appellant was ordered to pay the same amount of spousal support; however, the child support was reduced because the eldest child had reached the age of majority. Appellant filed an objection to the magistrate's decision, which the trial court overruled on January 24, 2000. Appellant timely filed an appeal, asserting five assignments of error. For ease of discussion this Court has consolidated and rearranged his arguments.
 II. A. Assignment of Error Number One The lower court abused its discretion and committed reversible error by imputing the 1995 partnership income of $36,494 to Appellant as a source of income for calculating child support and spousal support.
 Assignment of Error Number Two The trial court committed reversible error, and its judgment order was against the manifest weight of the evidence, when it erroneously concluded that Appellant "has done everything necessary to minimize his income following the final order and now has positioned himself to deprive his children and former wife." (Magistrate's decision, P. 7, paragraph 22).
 Assignment of Error Number Four The trial court committed reversible error in awarding Appellee spousal support of $700 per month.
In his first, second, and fourth assignments of error, appellant has argued that the trial court erred in calculating child support and spousal support and that the amounts allocated were against the manifest weight of the evidence. First, appellant has asserted that the trial court erroneously determined that he voluntarily sold the partnership property. Secondly, appellant has argued that the trial court erred when it applied the 1995 partnership income of $36,484 as a source of income for the support calculations. This Court will discuss each argument in turn.
When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), this Court must determine whether the trial court abused its discretion in adopting the decision.Mealey v. Mealey (May 8, 1996), Wayne App. No. 95CA0093, unreported, at 5. An abuse of discretion implies that the court's decision was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
R.C. 3113.215 (B)(4) states that the trial court should modify the amount of child support if the child support amount varies by more than ten percent from the amount of the last order. The trial court must use the basic child support guidelines contained in R.C. 3113.215 (B)(1). In determining "[i]ncome" to be included in the applicable worksheet, the trial court must include, "[f]or a parent who is unemployed or underemployed, the sum of the gross income of the parent, and any potential income of the parent." R.C. 3113.215 (A)(1)(b).
 "Potential income" means * * * [i]mputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides[.]
R.C. 3113.215(A)(5)(a). Moreover, R.C. 3113.215(A) excludes a variety of income sources from "gross income" under R.C. 3113.215(A)(2). Among these exclusions is a "nonrecurring or unsustainable income or cash flow items." R.C. 3113.215(A)(2)(e). "Nonrecurring or unsustainable income or cash flow item" is defined in R.C. 3113.215(A)(11) in pertinent part, as follows:
 [A]ny income or cash flow item that the parent receives in any year or for any number of years not to exceed three years and that the parent does not expect to continue to receive on a regular basis. `Nonrecurring or unsustainable income or cash flow item' does not include * * * any other item of income or cash flow that the parent receives or expects to receive for each year for a period of more than three years or that the parent receives and invests or otherwise utilizes to produce income or cash flow for a period of more than three years.
Under R.C. 3113.215(A)(1)(b) and (A)(5), a trial court may impute potential income to a parent who is voluntarily unemployed or underemployed. "Whether a parent is `voluntarily underemployed' within the meaning of R.C. 3113.215(A)(5), and the amount of `potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case."Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus. Furthermore, "[t]he parent's subjective motivations for being voluntarily unemployed or underemployed play no part in the determination whether potential income is to be imputed to that parent in calculating his or her support obligation." (Emphasis original.) (Footnote omitted.) Id. at 111. Thus, the main objective of R.C. 3113.215 is to protect the best interests of the children. Id.
A trial court has broad discretion in determining the appropriateness and the amount of spousal support. Bolinger v. Bolinger (1990),49 Ohio St.3d 120, 122. Such an award will be not be reversed unless a reviewing court after considering the totality of the circumstances, finds that the trial court abused its discretion. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67.
In determining whether or not to award spousal support, a trial court must consider all the relevant factors under R.C. 3105.18(C)(1) and then weigh the need for support against the ability to pay. Layne v. Layne
(1992), 83 Ohio App.3d 559, 562-563. The factors set forth in R.C.3105.18(C)(1) are:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
A trial court is not required to enumerate each factor in R.C.3105.18(C)(1), but must only provide a sufficient basis supporting its award. Rowe v. Rowe (1990), 69 Ohio App.3d 607, 615.
The record of the hearing reveals that the main dispute between the parties was whether the amount appellant received for the sale of the businesses constituted income for purposes of support calculations. Appellant testified that he sold OTR because it was operating at a loss. Although the business was failing, appellant stated that he sold it to a minority shareholder that had knowledge of the company's finances. There was no evidence that appellant tried to sell the business to anyone else. Furthermore, there was no evidence why appellant had to sell the real estate and dissolve Western Enterprises.
In its judgment entry, the magistrate determined that the property division during the parties' divorce was virtually equal and that one of appellant's income sources was the rent generated from Western Enterprises. Moreover, the magistrate found that appellant voluntarily chose to terminate this income of $36,484 per year by selling the real estate. The magistrate also found that appellant had "done everything necessary to minimize his income following the final order and now has positioned himself to deprive his children and former wife." Based on the evidence presented, the magistrate rejected appellant's assertion that OTR was failing and that both businesses had to be sold.
The trial court reviewed the magistrate's decision and agreed that the sale of OTR and the real estate were not necessary. The trial court found that OTR provided appellant with a salary of $79,000 and the real estate provided him with an additional income of $36,500 per year. Having considered the factors in R.C. 3105.18, the trial court concluded that $700 per month for spousal support was appropriate and reasonable. Lastly, the trial court ordered appellant to pay $755.98 per month for child support. Because the record in the present case is supported with ample evidence, this Court cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in awarding appellee spousal support and ordering child support. It was not unreasonable for the trial court to determine that appellant voluntarily terminated his employment, given the circumstances of this case. Furthermore, it was not an abuse of discretion to calculate $36,484 as a source of income since appellant voluntarily chose to terminate this income when he sold the real estate. Accordingly, appellant's arguments are overruled.
 B. Assignment of Error Number Three The trial court committed reversible error by calculating child support on each of the four worksheets while failing to credit Appellant with 2% local taxes paid to the City of Akron.
In his third assignment of error, appellant has argued that the trial court erred when it failed to credit him for local taxes paid to the City of Akron. As a preliminary matter, this Court notes that the parties and the trial court have referenced exhibits that are not part of this record.[1] It is appellant's responsibility to provide the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support his assignments of error. See Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314. Because the missing exhibits are necessary for the resolution of appellant's third assignment of error, this Court has no choice but to presume the validity of the lower court's proceedings and affirm. See Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Appellant's third assignment of error is overruled.
 C. Assignment of Error Number Five The trial court committed reversible error by assessing costs to [Appellant] after it had ordered that costs be divided equally between the parties.
In his fifth assignment of error, appellant has argued that the trial court erred when it ordered him to pay the court costs. In reviewing the journal entry, this Court notes that on page seven the trial court first ordered the parties to divide the court costs, but then on the subsequent line assigned all costs to appellant. Because the trial court's judgment entry is ambiguous as to the payment of court costs, this Court remands the instant case for the limited purpose of assessing court costs. Accordingly, appellant's fifth assignment of error is sustained.
 III.
Appellant's first, second, third, and fourth assignments of error are overruled. His fifth assignment of error is sustained, and the cause is remanded for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ DONNA J. CARR
WHITMORE, J. CONCURS
SLABY, P. J. CONCURS IN JUDGMENT ONLY
[1] Appellant has attached a judgment entry to his brief in which the trial court corrected this error and attached the exhibits; however, he failed to file a motion in this Court to supplement the record. Consequently, the exhibits are not available for this Court to review.