EISLER, APPELLEE, *v.*
EISLER, APPELLANT.

(No. 1199—Decided May 20, 1985.)

*Petersen & Ibold Co., L.P.A.,* and *Jerry Petersen,* for appellee.
*Roger D. Tiktin,* for appellant.

FORD, J. Appellee, Charles Eisler, filed for divorce in the Geauga County Court of Common Pleas in May 1983. Appellant, Bonnie Eisler, filed her answer and cross-complaint on February 27, 1984, denying the allegations of gross neglect of duty and extreme cruelty and alleging gross neglect of duty and extreme cruelty on appellee's part. The trial was held on July 25, 1984. A judgment granting the appellant a divorce from the appellee was filed July 26, 1984. The trial judge made the following division of property:

To the appellee:

Washington Street property, Water Street property, Mentor property, Montville lot, bedroom suite, Buick, tow truck, Keogh Plan, business assets, proceeds of sale of marital residence less $20,000.

To the appellant:

Hilltop Drive property, household furniture and furnishings, Chevrolet, $20,000 from sale of marital residence.

While the trial court acknowledged the purchase price of the various items above, a present market value was not expressed.

The appellee was also ordered to pay appellant alimony of $50 per week beginning July 30, 1984 for four years or until appellant marries or dies. Each party was ordered to pay his own attorney fees.

The appellant presents one assignment of error on appeal:

"The trial court erred in failing to ascertain the reasonable or fair market value of the marital property of the parties and abused its discretion in failing to make an equitable division thereof."

Appellant contends that in order to make an equitable division of marital property, the trial court must first make a finding of the fair market value of each

152

item of marital property. Failure to do so is reversible error. The assignment of error is well-taken.

While the strict partnership theory of marriage enunciated in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], was repudiated in *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318], *Cherry* mandates that an equal property division be the starting point from which a trial court should structure its propery division.

"As a practical matter, for an appellate court to review a trial court's division of property, which is being challenged as an abuse of discretion, findings of value must be made so that equality of value may be examined by the appellate court. Hence, failure to find values of property is error. Support for this contention is implicit in *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318 [23 O.O.3d 296], where the court held that a trial court, in the exercise of its equitable powers, could pick a date at which the court's property valuation would be made. Never did the court state that the trial court was privileged to omit valuation of the property altogether." *Smith* v. *Smith* (1984), Eleventh App. Dist. No. 9-279, unreported. See, also, *Roberts* v. *Roberts* (1961), 113 Ohio App. 33 [17 O.O.2d 38].

In the present case, the trial court's failure to find values was error because it is impossible for this court to review the propriety of the trial court's decision in light of *Cherry* v. *Cherry, supra.*

The assignment of error is, thus, well-taken. The judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

DAHLING, P.J., and COOK, J., concur.