OPINION
The instant appeal stems from a final judgment of the Domestic Relations Division of the Trumbull County Court of Common Pleas. Appellant, Charlene D. Swift, seeks the reversal of the trial court's determination that she is bound by the provisions of a separation agreement which she and appellee, Thomas A. Swift, had previously signed. For the following reasons, this court concludes that appellant's sole assignment of error lacks merit.
The parties to this appeal were married for approximately thirty-three years and had three children, each of whom are now emancipated. During the course of the marriage, appellee was the primary "breadwinner" for the family, working as an attorney and a probate judge. Although appellant did hold some part-time jobs outside the home and also performed certain volunteer work, she primarily acted as a housewife and caregiver for the children. Nevertheless, appellant was aware of the general status of the family's finances, as she had assumed the responsibility of paying their monthly bills.
In March 1998, the parties decided to terminate their marriage through a dissolution proceeding. As a result, the parties negotiated a separation agreement which, inter alia, contained clauses governing the distribution of the marital property. The final version of this agreement was written by a local attorney, Lawrence Turner, who had been a friend of both parties for a considerable period and had prepared the parties' tax returns for a number of years.
As part of the negotiations concerning the agreement, appellant supplied Attorney Turner with considerable information as to the extent of the marital assets and debts. Attorney Turner then supplemented this information with the various data which he had retained in preparing the parties' taxes. In regard to the majority of the marital assets, appellant and appellee were able to stipulate as to the value of the assets and the manner in which they would be distributed. These stipulations were set forth in a worksheet which, in turn, Attorney Turner followed in drafting the provisions of the agreement.
Even though both parties had resided continuously in Trumbull County for more than thirty years, the dissolution action was filed in the Stark County Court of Common Pleas. On June 20, 1998, an abbreviated hearing on the dissolution petition was held before a judge of that court. During that proceeding, both parties indicated that they wanted to waive the venue requirements of Civ.R. 3. Both parties further testified that they wanted their marriage to be dissolved and that they had knowingly entered into the separation agreement. In addition, appellant expressly acknowledged that she had been aware that Attorney Turner had been representing appellee during the negotiation of the agreement, and that she had had the right to be represented by separate counsel if she had so desired.
Two days following the evidentiary hearing, the Stark County trial judge issued a judgment granting the dissolution of the marriage. Incorporated into the judgment was the separation agreement which both parties had previously executed.
Approximately eleven months later, appellant moved the Stark County trial court for relief from the dissolution judgment under Civ.R. 60(B). As the grounds for this motion, appellant asserted,inter alia, that the separation agreement should be set aside because appellee had failed to disclose to her information concerning the extent and the value of certain marital assets. She also argued that the separation agreement should not have been accepted because sufficient facts had not been submitted to enable the trial court to decide whether the agreement was fair and equitable.
Appellant's Civ.R. 60(B) motion was considered by a different Stark County judge than the one who had granted the dissolution. On June 16, 1999, the second judge rendered a decision granting the motion on the basis that both parties had failed to comply with a local court rule requiring the filing of complete financial statements prior to a hearing on a dissolution petition. Accordingly, the second judge not only ordered the vacation of the dissolution judgment, but also ordered that the dissolution petition be dismissed.
Immediately after the Stark County proceeding had been dismissed, appellee filed a divorce complaint against appellant in Trumbull County. Before appellant could file an answer to the complaint, appellee moved the Trumbull County trial court to enforce the separation agreement. Appellee contended in this motion that the dismissal of the dissolution action had had no effect upon the validity of the separation agreement.
In responding to appellee's motion, appellant argued that the issue of the validity of the separation agreement could not be litigated in the instant divorce action because that point had been fully considered in the Stark County case. Appellant further argued that the separation agreement should not be enforced because: (1) when the agreement had been negotiated, appellee had not disclosed the full value of certain marital assets, including his pension plan; (2) appellee had unfair bargaining power because he was a licensed attorney; (3) appellant had not been represented by separate counsel during the dissolution action; and (4) the agreement was not fair because the distribution of the marital property was unequitable and there was no provision for the payment of spousal support.
An evidentiary hearing on the motion to enforce was held before a visiting judge. During this proceeding, both parties presented testimony concerning the exact nature of the negotiations which had preceded the execution of the separation agreement.
On the same day the evidentiary hearing was held, the trial court rendered a short judgment granting the motion to enforce. Two months later, the court issued findings of fact and conclusions of law in regard to its prior decision. As to the "res judicata" issue, the court found that the Stark County decision to dismiss the dissolution action had not been predicated upon any underlying determination that the parties' separation agreement was invalid. As to the remaining issues raised by appellant, the trial court held that the evidence supported the finding that both parties had entered into the agreement with full knowledge of the extent of the marital assets. Finally, the court held that the agreement was fair and equitable.
In now appealing from the Trumbull County judgment, appellant has assigned the following as error:
 "The trial court erred in granting appellee's motion to enforce a separation agreement entered into between the parties prior to the filing of their divorce proceeding."
Under this sole assignment, appellant has advanced three separate arguments as to the merits of the trial court's determination concerning the enforceability of the parties' separation agreement. Under her first argument, appellant maintains that the trial court should not have allowed appellee to litigate the enforceability issue in the instant action because the separation agreement had already been declared void in the Stark County case.
Under Ohio law, the doctrine of res judicata consists of both claim preclusion and issue preclusion. Pursuant to the latter legal concept, which is often called collateral estoppel, a party will be barred from raising an issue in a new action when that issue was fully considered by a court of competent jurisdiction in a previous action. Ft. Frye Teachers Assn., OEA/NEA v. State Emp.Relations Bd. (1998), 81 Ohio St.3d 392, 395. In order for the concept to apply, the party asserting the concept must show that: (1) the parties in the prior action were identical to, or at least in privity with, the parties in the new action; and (2) the issue in question was actually litigated and necessarily decided in the earlier action. Drydock Coal Co. v. Graham (June 27, 2000), Athens App. No. 99CA26, unreported, 2000 Ohio App. LEXIS 3072.
In the instant situation, it is undisputed that appellant and appellee were the only two parties to both the dissolution proceeding and the divorce action. Accordingly, our determination of whether collateral estoppel barred the litigation of the enforceability issue will turn upon whether that particular issue was decided when the Stark County court granted appellant's Civ.R. 60 (B) motion.
In concluding that the doctrine of res judicata was not applicable in this instance, the Trumbull County trial court found that the Stark County trial court had not declared the separation agreement to be invalid. Our review of the Stark County court's decision confirms the Trumbull County court's finding. That decision simply did not contain any specific language holding that the parties' agreement should not be enforced.
Furthermore, the underlying logic cited by the Stark County court does not support the inference that that court implicitly intended to declare the agreement invalid. The crux of the Stark County court's holding was set forth in the following two paragraphs:
 "Rule 31.02 of the Stark County Local Rules of the Family Court Division requires that each party file a complete financial statement prior to any hearing. There is no provision in the rules for waiving this requirement and the language of this rule is mandatory in nature. The Court, therefore, finds that the waiver of the requirements of Rule 31.02 in this case prevents the court from making a determination that a full disclosure of the Swifts' assets and liabilities occurred.
 "Section 3105.10 of the Revised Code states that a separation agreement voluntarily entered into by the parties may be enforceable if the court determines that it would be in the interest of justice and equity to require enforcement of the agreement. R.C. 3105.10(B)(2). Absent any financial statements including the value of property, `the court is unable to render a fairly reasoned determination that equity has been served.' Spencer v. Spencer (October 25, 1984), Franklin App. No. 84AP-209, unreported, 1984 WL 5953."
Given that the purpose of the Stark County local rule is merely to facilitate the trial court's determination of whether a separation agreement is fair and equitable, it follows that the failure to comply with that rule would not be a basis, in and of itself, to declare an agreement invalid. That is, the fact that the financial information was not given to the Stark County court would not necessarily mean that the separation agreement was actually unfair and inequitable. Instead, it would only mean that the Stark County court did not have sufficient evidence before it to make that particular determination.
In light of the nature of the Stark County court's holding, this court concludes that the issue of the enforceability of the separation agreement was not actually litigated in the dissolution proceeding. Thus, as appellant could not satisfy both requirements for the application of collateral estoppel, the trial court did not err in rejecting appellant's res judicata argument.
Under her second argument, appellant submits that the Trumbull County trial court erred in concluding that the separation agreement was fair and equitable because that court did not have before it the evidence necessary to make such a determination. That is, appellant argues that the trial court's conclusion was not warranted because the court did not require the parties to submit evidence concerning the value of the marital assets. In conjunction with the foregoing argument, appellant also contends that the trial court's decision on the fairness question should be set aside because the court did not make any findings as to the value of the various assets.
In relation to the first aspect of appellant's second argument, this court would note that our review of the transcript of the motion hearing readily shows that, contrary to appellant's assertion, some evidence was presented concerning the value of the assets distributed in the separation agreement. In conjunction with the testimony of Attorney Turner, appellee submitted into evidence a copy of a worksheet Attorney Turner had compiled prior to drafting the agreement. This worksheet set forth the specific values which the parties had agreed to assign to each asset. Moreover, as part of her own testimony during the hearing, appellant acknowledged that she had generally agreed to the values delineated in the worksheet.[1]
As to the need for factual findings on the value question, appellant aptly notes that this court has expressly held that, in order to properly distribute the marital assets in a divorce action, a trial court must first make factual findings concerning the value of all assets. See Eisler v. Eisler (1985), 24 Ohio App.3d 151
. However, in applying Eisler in subsequent cases, we have further held that such findings are not necessary when the parties have been able to stipulate as to the distribution of the marital assets. Bacon v. Bacon (Nov. 7, 1997), Trumbull App. No. 96-T-5481, unreported, 1997 Ohio App. LEXIS 5012.
Pursuant to R.C. 3105.10(B)(2), a trial court is not required to enforce a separation agreement simply because it was executed by the parties; instead, a trial court has the discretion to refuse to enforce the agreement if it determines that the agreement is not in the interests of justice and equity. Given that any decision as to the justice and equity of a property distribution in a separation agreement would necessarily be based upon the value of the property, it follows that the trial court could make an informed decision only if it was presented evidence on the value question. Nevertheless, if the parties are able to stipulate as to value of the assets, as would normally be the case when the parties have executed a separation agreement, it further follows that specific findings on that point would be superfluous.
In the instant action, except as to one specific asset, appellant did not present any evidence on the value issue which conflicted with the values set forth in the worksheet. In addition, as was noted above, appellant admitted during her testimony that she had generally agreed with the values assigned in the worksheet. Given these circumstances, this court concludes that the trial court was not required to make any findings as to the value of the parties' marital assets. Accordingly, appellant's second argument under her sole assignment also lacks merit.
Under her final argument, appellant contends that the separation agreement should not have been enforced because it was unconscionable. Specifically, appellant submits that the trial court should have made such a finding because the evidence presented in the evidentiary hearing showed that: (1) there was a disparity between the bargaining power of the two parties; (2) the agreement was not negotiated at arms-length; and (3) appellee failed to disclose the true value of his pension plan.
In relation to the manner in which the separation agreement was negotiated, our review of the transcript of the motion hearing indicates that the parties gave conflicting testimony on this point. Appellant essentially testified that she accepted the terms of the agreement because appellee had intimidated her by warning her "not to play hardball." In contrast, appellee testified that he essentially allowed appellant to dictate the terms of agreement because he did not want the marriage to end and was merely conceding to her wishes. In addition, Attorney Turner testified that before the final draft of the agreement was signed, he told appellant that she had the right to seek the advice of separate counsel.
In its findings of facts and conclusions of law, the trial court expressly found that appellee's testimony was more credible than appellant's version. Upon reviewing the entire transcript, this court concludes that the trial court did not abuse its discretion in making this finding. Furthermore, we conclude that appellee's testimony was sufficient to establish that appellee did not exert any undue influence upon appellant and did not use his superior knowledge of the law to take advantage of her. Stated differently, his testimony supported the finding that the separation agreement was the product of fair negotiations between the parties.
As to the latter point, this court would further note that the terms of the agreement itself also support the finding that appellant was not denied a fair distribution of the marital assets as a result of undue influence and unequal bargaining power. When considered in light of the values set forth in the worksheet, the terms of the agreement readily show that the value of the assets given to appellant were roughly equal in value to the assets given to appellee. Accordingly, we agree with the trial court's conclusion that the separation agreement was fair and equitable.
In regard to appellee's pension plan, the record before us shows that the true value of this asset was approximately $300,000 more than the value assigned to it in the parties' worksheet. However, testimony presented at the evidentiary hearing showed that appellee himself had not known the true value of the pension when the agreement was negotiated. Therefore, the evidence did not support the conclusion that appellee had purposely failed to disclose this information to appellant.
More importantly, the terms of the separation agreement indicate that appellant was not prejudiced by this error. Pursuant to Section (F) of Article II of the agreement, she is entitled to share equally in all benefits accumulated under the plan prior to December 31, 1997. Thus, the increase in the amount of the pension plan's value accrues to her benefit.
Taken as a whole, the record in this appeal demonstrates that appellant was given a full opportunity to negotiate a settlement agreement which, at the time, she thought was beneficial to her. The record further shows that, following the dissolution of the marriage, certain events occurred which led appellant to believe that she may have been able to obtain a better agreement. In our estimation, such facts are clearly insufficient to warrant declaring the separation agreement void. The mere fact that appellant could have negotiated a better deal does not render the agreement she signed unconscionable.
As each of three arguments raised by appellant do not state a basis for reversing the appealed judgment, we hold that the trial court did not err in granting appellee's motion to enforce the separation agreement. As a result, appellant's sole assignment of error is without merit.
The judgment of the trial court is affirmed.
____________________________________
JUDGE MARY CACIOPPO, Retired, Ninth Appellate District, sitting by assignment, MAHONEY, J., P.J., Ret., Eleventh Appellate District, sitting by assignment,
COX, J., Seventh Appellate District, sitting by assignment, concur.
[1] The only exception to the general agreement on the value issue concerned the value of appellee's pension plan. The ramifications of the "dispute" over the value of this asset will be discussed infra.