[Cite as *Hochstetler v. Hochstetler*, 2012-Ohio-2669.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| DONNA HOCHSTETLER | JUDGES:<br>Hon. Patricia A. Delaney, P. J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| -vs- | Case No. 11 CA 20 |
| MARK HOCHSTETLER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:  Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 10 DV 04 0078

JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  June 13, 2012


APPEARANCES:

For Plaintiff-Appellee

JAMES A. GILES
THE GILES LAW GROUP
109 East High Street
Mount Vernon, Ohio  43050

For Defendant-Appellant

ELIZABETH N. GABA
1231 East Broad Street
Columbus, Ohio  43205

*Wise, J.*

{¶1}   Appellant Mark O. Hochstetler appeals the property division award in his divorce from Appellee Donna J. Hochstetler in the Knox County Court of Common Pleas, Domestic Relations Division. The relevant facts leading to this appeal are as follows.

{¶2}   Appellant and appellee were married on September 22, 1979. One child, now emancipated, was born of the marriage.

{¶3}   On April 13, 2010, appellee filed a complaint for divorce. On June 1, 2010, appellant filed an answer and counterclaim. The matter proceeded to an evidentiary hearing before a magistrate on June 15, 2011.

{¶4}   There is no present dispute that the parties owned, among other things, marital real estate on Sharp Road and three automobiles. The evidence showed that appellant was, at the time of the divorce proceedings, 54 years old. He is receiving Social Security Disability in the amount of $2,079.00 per month ($24,948.00 annually), and he has a part-time job where he earns $8.50 per hour for a 15-hour workweek ($6,630.00 annually). His total annual income is thus $31,578.00. Appellant's potential marital Social Security benefits have a present day value of $247,054.61 as of December 13, 2010, based on a projected retirement age of 62. Appellant also has the following pertinent financial assets and retirement funds, which the trial court categorized as marital property: Fidelity IRA valued at $155,841.74 (as of October 2010), E-Trade account valued at $1,599.00; Signator IRA valued at $32,161.00 (as of 2011); Cooper stock worth $36,920.00 as of June 2011; and $780.65 in TSC stock.

**{¶5}** Appellee was, at the time of the divorce proceedings, 52 years old. She is employed with Mount Vernon City Schools as a bus driver. She has additional employment as a driver and dispatcher for MOTA, a manager at Green Valley Self-Storage, and at Crossroads Driving School. In 2010, she earned $47,725.00.

**{¶6}** Appellee has social security benefits from her employment at MOTA, Green Valley Self Storage, Cross Roads Driving School and other employers. Pension Evaluators determined the value of the marital portion of her social security at $37,453.91 as of December 13, 2010, based on a retirement age of 62.

**{¶7}** Appellee also has a SERS pension based on her public school employment. Pension Evaluators determined three possible valuations for her SERS account:

**{¶8}** (1) Appellee's SERS value of $414,464.48, with an identical marital value (portion), assuming appellee's retirement age at 51.83.

**{¶9}** (2) Appellee's SERS value of $319,575.63, with a marital value of $237,732.31, assuming appellee's retirement age at 62.

**{¶10}** (3) Appellee's SERS value of $284,492.14, with a marital value of $196,980.37, assuming appellee's retirement age at 65.

**{¶11}** The parties have other property that the court determined to be separate: Appellee has an inheritance of $30,053.45, and $10,000.00 in her credit union that accumulated after the parties' separation. She also has a portion of her SERS that will be considered separate.

**{¶12}** On June 28, 2011, the magistrate issued a written decision. The magistrate therein ordered, inter alia, the marital real estate sold and the equity therein

divided. The parties agreed to use their joint Pioneer account valued at $19,501.00 for home repairs and then divide the balance. The magistrate also awarded the aforesaid IRA's, E-Trade account, and stocks to appellant, and awarded all of appellee's SERS account to appellee (using the present value figure of $237,732.31 for her SERS account). The magistrate also set forth a "property settlement" sum of $35,000.00 as an apparent equalization payment from appellee to appellant.

{¶13} Both sides thereafter filed objections to the decision of the magistrate. As further discussed infra, the trial court re-formulated the division of the parties retirement assets, considering the present values of the parties' social security benefits and appellee's SERS account (again using the present value figure of $237,732.31), and determined, inter alia, that the SERS balance subject to division equaled just $28,131.61. A judgment entry was issued on September 21, 2011.

{¶14} Appellant filed a notice of appeal on October 21, 2011. He herein raises the following four Assignments of Error:

{¶15} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY USING THE VALUE OF $237,732.31 TO REPRESENT APPELLEE'S SERS RETIREMENT BENEFIT AND TO CALCULATE THE DIVISION OF RETIREMENT BENEFITS AND ALL OTHER ASSETS. PENSION EVALUATORS' REPORT DETERMINED THAT THE PRESENT DAY VALUE OF APPELLEE'S SERS BENEFITS IS $414.464.48.

{¶16} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY SUBTRACTING APPELLEE'S POTENTIAL SOCIAL SECURITY BENEFITS FROM APPELLANT'S POTENTIAL SOCIAL

SECURITY BENEFITS, AND THEN SUBTRACTING THAT NUMBER FROM APPELLEE'S PUBLIC PENSION, AND ENGAGING IN OTHER 'DOLLAR FOR DOLLAR' OFFSETS. STATE COURTS ARE WITHOUT POWER TO DIRECTLY, OR (BY WAY OF SETOFF) INDIRECTLY, DIVIDE SOCIAL SECURITY BENEFITS IN THEIR FORMULATION OF ECONOMIC TERMS OF DIVORCE DECREES. SOCIAL SECURITY BENEFITS ARE NOT SUBJECT TO DIVISION, ACCORDING TO 42 U.S.C. 407(A). A 'DOLLAR FOR DOLLAR' OFFSET OF ANTICIPATED SOCIAL SECURITY BENEFITS VIOLATES FEDERAL LAW. SOCIAL SECURITY BENEFITS ARE NOT 'PROPERTY.'

{¶17} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY USING A VALUE TO REPRESENT APPELLEE'S SERS RETIREMENT BENEFIT WHEN THE TRUE PRESENT VALUE, OTHER THAN $414.464.48, COULD NOT BE DETERMINED; AND FURTHER ERRED TO THE PREJUDICE OF APPELLANT BY OFFSETTING DOLLAR-FOR-DOLLAR THE PARTIES' RESPECTIVE SOCIAL SECURITY BENEFITS, AND APPELLANT'S IRAS AND OTHER LIQUID ASSETS. IF THE PRESENT VALUE OF APPELLEE'S SERS CANNOT BE DETERMINED, AND THE COURT REFUSES TO USE $414,464.48, THEN THE COURT SHOULD HAVE RESERVED JURISDICTION, AND DEFERRED DISTRIBUTION OF ALL OF THE PARTIES' RETIREMENT BENEFITS UNTIL APPELLEE RETIRED FROM THE SCHOOL SYSTEM.

{¶18} "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY NOT PROPERLY CONSIDERING THE CIRCUMSTANCES OF THE CASE, THE STATUS OF THE PARTIES, THE NATURE,

TERMS, AND CONDITIONS OF THE RETIREMENT BENEFITS, AND THE REASONABLENESS OF THE RESULTS, AMONG OTHER FACTORS IN DISTRIBUTING RETIREMENT BENEFITS."

I.

{¶19} In his First Assignment of Error, appellant argues that the trial court erred in utilizing the figure of $237,732.31 as the present value of appellee's SERS account for purposes of marital property division. We disagree.

{¶20} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse-of-discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. In order to make an equitable division of property, the trial court should first determine the value of the marital assets. *See Eisler v. Eisler* (1985), 24 Ohio App.3d 151, 152, 493 N.E.2d 975. In performing this function, the trial court has broad discretion to develop some measure of value. *See Berish v. Berish* (1982), 69 Ohio St.2d 318, 432 N.E.2d 183. Thus, "[t]he valuation of marital assets is typically a factual issue that is left to the discretion of the trial court." *Roberts v. Roberts,* Franklin App.No. 08AP–27, 2008–Ohio–6121, ¶ 18 citing *Berish, supra*. Generally, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010-Ohio-3489, 936 N.E.2d 1013, ¶ 16, citing *Cross*

*Truck Equipment Co. v. Joseph A. Jeffries Co.* (Feb. 10, 1982), Stark App. No. CA-5758, 1982 WL 2911.

**{¶21}** The crux of appellant's challenge to the trial court's utilization of a present value of $237,732.31 as the divisible portion of appellee's SERS account is that it is based on a projected retirement age for appellee of 62, while the value of appellant's Fidelity and Signator IRAs were based on their actual, present day value. Appellant submits that this resulted in an unfair "apples and oranges" division of the retirement assets. Appellant's Brief at 17. However, because the record indicates that appellee was continuing to work, expected to keep working into her mid-sixties, and was supporting the parties' child in college, we conclude the trial court's decision to equitably divide the parties' marital property by presently valuing appellee's SERS using a projected retirement age of 62 in these circumstances was not unreasonable, arbitrary, or unconscionable.

**{¶22}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶23}** In his Second Assignment of Error, appellant argues that the trial court erred in its methodology regarding consideration of the parties' social security retirement and appellee's SERS account for purposes of dividing marital property. We disagree.

**{¶24}** R.C. 3105.171(F)(9) states as follows: "In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors: *** Any

retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension[.]"

{¶25} Appellant also directs us to Title 42, Section 407(a) of the United States Code, which reads as follows:

{¶26} "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

{¶27} In the case sub judice, it is undisputed that the trial court, in order to divide the parties' retirement benefits, took appellant's social security valuation of $247,054.61 and "reduced" that figure by appellee's social security valuation of $37,453.91, for an initial result of $209,600.70. See Judgment Entry, September 21, 2011, at 1. The court then offset appellee's SERS amount (see Assignment of Error I, supra) of $237,732.31, for an SERS balance subject to division of $28,131.61. *Id.*

{¶28} Appellant herein essentially argues that the trial court disregarded federal law by treating the respective social security benefits as if they were divisible or transferable. However, we conclude otherwise, as the above federal statute does not forbid the court from considering or figuratively "offsetting" the valuation of each spouse's social security benefits in order to formulate an equitable property division. No improper "division" of social security benefits resulted from the court's decision in this regard. The trial court's remaining step of offsetting the present value of appellee's SERS account was also valid and comported with R.C. 3105.171(F)(9), *supra*. We

have previously approved the methodology of offsetting the non-public pension spouse's social security benefits against the public employee spouse's public pension to arrive at the divisible balance. *See Bourjaily v. Bourjaily*, Licking App.No. 99 CA 120, 2000 WL 968509, citing *Back v. Back* (Dec. 29, 1999), Richland App. No. 99 CA 46.

**{¶29}** We hold the trial court's decision in this regard was not a reversible error as a matter of law nor did it constitute an abuse of discretion. Appellant's Second Assignment of Error is overruled.

III.

**{¶30}** In his Third Assignment of Error, appellant argues that the trial court erred in declining to reserve jurisdiction over and/or defer division of the parties' retirement assets under the circumstances of the case. We disagree.

**{¶31}** In order to provide stability for litigants, the law has looked with favor on the principle of finality of judgments. *See Bean v. Bean* (1983), 14 Ohio App.3d 358. "The reason for this principle is that persons must be able to rely on court rulings. If courts had continuing jurisdiction to modify all decrees, there would be confusion and uncertainty." *Bean* at 361, quoting *Popovic v. Popovic* (1975), 45 Ohio App.2d 57, 64. Specifically, R.C. 3105.171(I) clearly states: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses." It has been aptly recognized that this section of the Ohio Revised Code "reflects the policy that finality is preferred when dealing with the division of marital property." *Jakubek v. Jakubek* (Sept. 18, 1998), Mahoning App. No. 96 CA 130.

{¶32} Upon review, we find the trial court's decision to render a final decision as to the division of marital property under these circumstances did not constitute reversible error or an abuse of discretion.

{¶33} Appellant's Third Assignment of Error is overruled.

IV.

{¶34} In his Fourth Assignment of Error, appellant argues that the trial court erred in allegedly failing to properly consider the circumstances of the case in assessing marital property division. We disagree.

{¶35} "When considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 559 N.E.2d 1292, paragraph one of syllabus.

{¶36} Appellant's argument at this point chiefly revisits the issues previously raised in his brief, mostly on the general basis that the trial court did not adequately consider the reasonableness of the methods and asset valuations used to divide the marital property and the circumstances of the parties herein. However, a presumption of regularity attaches to all trial court proceedings (*see, e.g., Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763) and we find appellant fails to overcome such presumption in the case sub judice.

**{¶37}** Appellant's Fourth Assignment of Error is overruled.

**{¶38}** For the foregoing reasons, the decision of the Court of Common Pleas, Domestic Relations Division, Knox County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Hoffman, J., concur.

_____

_____

_____

JUDGES

JWW/d 0517

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DONNA HOCHSTETLER      :
              :
  Plaintiff-Appellee     :
              :
-vs-           :    JUDGMENT ENTRY
              :
MARK HOCHSTETLER      :
              :
  Defendant-Appellant   :    Case No. 11 CA 20

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of common Pleas, Domestic Relations Division, Knox County, Ohio, is affirmed.

Costs assessed to appellant.

        _____

        _____

        _____

           JUDGES